# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER DAVIS, #Y20227, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOSEPH HARPER, and ) <br> NANCY VANESSA HENDERSON, ) <br> ) <br> Defendants. ) | Case No. 18−cv–1619−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

In *Davis v. Chester Mental Health Center*, Case No. 18-cv-1119-SMY-RJD (S.D. Ill. May 15, 2018), Plaintiff Christopher Davis, an inmate in Vienna Correctional Center, brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Chester Mental Health Center ("Chester"). Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), four claims against Defendants Henderson and Harper were severed from that initial action to form the basis for this action, Case No. 18-cv-1619-MJR. This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: Henderson caused a box of Plaintiff's commissary food to be confiscated after she

1

replaced the prior Unit Director. (Doc. 2-1, pp. 2-7). It was never returned to him, nor was he compensated for it. (Doc. 2-1, p. 8). Plaintiff did not receive a package containing expensive clothes that his friends sent him. (Doc. 2-1, p. 9). He complained to Henderson, but no action was taken. *Id.* Henderson had previously threatened to use the mail to punish Plaintiff. *Id.* Plaintiff was never reimbursed for the package, even after providing proof of its receipt at Chester. (Doc. 2-1, p. 10). Both Henderson and Harper refused to act. *Id.*

## Discussion

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

>   **Count 2 –**    Henderson and Harper violated Plaintiff's due process rights when they either caused and/or refused to adequately investigate the loss of 1 box of commissary food in violation of the Fourteenth Amendment.
>
>   **Count 3 –**    Henderson and Harper violated Plaintiff's First Amendment right when they substantially burdened his practice of religion by confiscating and/or refusing to adequately investigate the loss of 1 box of commissary food.
>
>   **Count 4 –**    Henderson and Harper violated Plaintiff's First Amendment right to send and receive mail when they interfered with his receipt of a single package.
>
>   **Count 5 –**    Henderson and Harper retaliated against Plaintiff by interfering with his receipt of a single package.

As discussed in more detail below, Count 5 will be allowed to proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 2 – Fourteenth Amendment

Plaintiff's allegations that Defendants caused or refused to investigate the loss of Plaintiff's commissary box does not state a claim upon which relief may be granted. There is no

2

loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). An IDOC prisoner has an adequate post-deprivation remedy for confiscation of a prisoner's non-contraband property in the form of an action for damages in the Illinois Court of Claims. *See Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999) (citing 705 ILCS 505/8). As to their failure to investigate the loss, Defendants did not have a duty to do so. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Therefore, Count 2 will be dismissed without prejudice.

## Count 3 – First Amendment Burden on Religious Practice

It is not entirely clear that Plaintiff seeks to bring a First Amendment claim based on the disappearance of one of his two commissary boxes filled with food. To the extent he is attempting to do so, in the context of the Free Exercise Clause, he must allege that his right to practice his religion was burdened in a significant way. *See Hernandez v. Comm'n of Internal Revenue*, 490 U.S. 680, 699 (1989). He failed to do so. There is no indication that the removal of one of two commissary food boxes burdened Plaintiff's religion in any way. Further, "a government policy or practice violates the Establishment Clause if (1) it has no secular purpose, (2) its primary effect advances or inhibits religion, or (3) it fosters an excessive entanglement with religion." *Kaufman v. McCaughtry*, 419 F.3d 678, (7th Cir. 2005) (citing *Lemon v. Kurtzman,* 403 U.S. 602, 612-13 (1971)). The only policy Plaintiff mentions is a new policy of the hospital that limited patients to one box for food and one box for hygiene items. (Doc. 2-1, p. 3). It does not appear that this policy was in any way related to religion.

For these reasons, Count 3 will be dismissed without prejudice.

## Count 4 – First Amendment Right to Send and Receive Mail

Inmates have a First Amendment right to send and receive mail. *E.g.*, *Kaufman v.*

3

*McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). However, a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). Plaintiff alleges that he did not receive one package of clothing that was sent to him. This isolated incident does not give rise to a First Amendment claim. And to the extent Plaintiff seeks to bring a Fourteenth Amendment claim based on this deprivation of property, it would fail for the same reasons as outlined under Count 2. Count 4 will therefore be dismissed without prejudice.

## Count 5 – Retaliation

To prevail on a § 1983 claim of First Amendment retaliation, Plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future"; and (3) a causal connection between the two. *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citation omitted)). Plaintiff has stated a claim under this standard against Defendant Henderson because he suggests that Henderson used the mail to retaliate against him. (Doc. 2-1, pp. 7-8). Because Section 1983 "creates a cause of action based on personal liability and predicated upon fault [and] liability does not attach unless the individual defendant caused or participated in a constitutional deprivation," however, Plaintiff has failed to state a claim against Defendant Harper, who merely received word of the package issue after it had transpired. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). For these reasons, Count 5 will proceed against Henderson but will be dismissed without prejudice as against Harper.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 5** shall **PROCEED** against **HENDERSON** and is **DISMISSED** without prejudice against **HARPER** for failure to state a claim upon which

relief may be granted.

**IT IS FURTHER ORDERED** that **COUNTS 2**, **3**, and **4**, and Defendant **HARPER**, are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 5**, the Clerk of Court shall prepare for **HENDERSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If the defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Henderson is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings. Further, this entire matter shall be

**REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: October 9, 2018**

          **s/ MICHAEL J. REAGAN**
          **United States Chief District Judge**